United States District Court
Southern District of Texas
**ENTERED**
January 24, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLEVELAND STATE BANK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-1600 |
| | § | |
| **JPMORGAN CHASE BANK et al,** | § | |
| *Defendants.* | § | |
| | § | |

## <u>ORDER</u>

Before the Court is Defendant JPMorgan Chase Bank's ("Defendant" or "Chase") Motion for More Definite Statement. (Doc. No. 3). Plaintiff Cleveland State Bank ("Plaintiff" or "Cleveland State") filed a Response in Opposition, (Doc. No. 6), and Defendant Replied. (Doc. No. 7). The motion is hereby **GRANTED** in part and **DENIED** in part. (Doc. No. 3).[1] Plaintiff must therefore amend the relevant pleadings in compliance with Federal Rules of Civil Procedure 8 and 9(b) within **14 days** of this order.

## I.    Background

This suit concerns two checks that were allegedly stolen from a customer of Cleveland State Bank and fraudulently cashed at Chase Bank in Harris County. (Doc. No. 1-1 at 2). Plaintiff alleges that the Cleveland School District wrote two checks that were stolen and altered to be payable to co-defendants Jeremy Vasquez, PLLC and Louise Marie Alessi. (*Id.* at 3). These checks were cashed at a Chase Bank location in Harris County by the co-defendants, not the original payees. Plaintiff alleges that, after learning the checks were fraudulently cashed, it made multiple

---

[1]    On January 21, 2025, Defendant filed its Original Answer to the Complaint. (Doc. No. 13). There is case law to support the idea that this Answer moots the Motion for a More Definite Statement because the motion's success is predicated on the pleadings being so unintelligible that Defendant could not reasonably respond. *See Henson Patriot Ltd. v. Medina*, SA-14-CA-534-XR, 2014 WL 3756383 at 1 (W.D. Tex. July 30, 2014). Nevertheless, out of an abundance of caution, the Court rules on the merits of Defendant's Motion for a More Definite Statement because portions of the Complaint are unintelligible.

demands on Defendant for payment of the checks, to which Defendant never responded. (*Id.* at 3).

Plaintiff has no current address for either Jeremy Vasquez PLLC or Louise Alessi—the two co-defendants that allegedly stole and cashed the checks. (*Id.* at 2).[2] The gist of Plaintiff's pleading is that Defendant breached various legal duties when it allowed customers to deposit unauthorized checks. (*Id.*).

Plaintiff filed this suit in the 165th Judicial District Court of Harris County, Texas, and Defendant removed the case based on federal question jurisdiction. (Doc. No. 1 at 2). Defendant did not file an Answer. Instead, Defendant filed the instant Rule 12(e) Motion for More Definite Statement contending that Plaintiff's Original Petition is so "vague, ambiguous, and flawed" that Defendant is unable to adequately respond. (Doc. No. 3 at 2). In addition to its general claims of insufficiency, Defendant states that Plaintiff's unjust enrichment, money had and received, and aiding and abetting claims are insufficient under Rule 9(b)'s pleading requirements. (*Id.* at 6). Finally, Defendant contends that Plaintiff's Regulation CC claim fails to state any warranty that was breached by Defendant, or when such a breach occurred. (*Id.* at 11).

Plaintiff argues that the pleading standards found in Texas Rule of Civil Procedure 45(b) apply, not the federal rules, and that the Texas standards are met. (Doc. No. 6 at 4). Plaintiff's argument is not correct—although most federal courts give a litigant a chance to amend a pleading originally filed in state court to comply with the federal standards. Further, Plaintiff argues, even if the federal rules applied, the heightened standards in Rule 9 do not apply because Plaintiff did not plead fraud against Chase Bank. (*Id.* at 8). Finally, even if Rule 9(b) does apply, Plaintiff contends that its pleading was sufficient because "the particularity demanded by Rule 9(b) necessarily differs with the facts of each case," and this case is comparatively simple. (*Id.* at 11).

---

[2]     To the Court's knowledge, Plaintiff has not obtained the locations of the co-defendants, and they have not been served.

## II.    Legal Standard

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) must be read in light of Rule 8 of the Federal Rules of Civil Procedure. *Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012). Rule 8 requires a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. FED. R. CIV. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given that Rule 8 only requires a short and plain statement of claims, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011) (citing *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)).

A Rule 12(e) motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); accord *Pension*, 771 F. Supp. 2d at 707. "Where matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted." *Ross v. Texas*, No. H-10-2008, 2011 WL 5978029, at *7 (S.D. Tex. Nov. 29, 2011); *see also Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *Turner v. Pavlicek*, No. H–10–00749, 2011 WL 4458757, at *16 (S.D. Tex. Sept. 22, 2011).

## III.    Analysis

Plaintiff seems to plead eight claims: (1) breach of Uniform Commercial Code warranties; (2) money had and received; (3) unjust enrichment; (4) fraud against Vasquez PLLC and Alessi;

3

(5) aiding and abetting; (6) negligence and other tort claims; (7) breach of contract; and (8) violation of 12 C.F.R. §§ 229.1 *et seq.* ("Regulation CC"). (Doc. No. 1-1). For each claim that Defendant challenges, the challenge turns on the sufficiency of Plaintiff's factual allegations.[3]

The Court finds that Plaintiff's counts five and six, "Aiding and Abetting by Assisting and Participating, Negligence and other Tort Claims," are so insufficient that Defendant is entitled to a more definite statement. The rest of Plaintiff's claims, however, are not so "unintelligible," or "vague and ambiguous," that Defendants "cannot reasonably prepare a response. *Pension*, 771 F. Supp. 2d at 707; *Louis Vuitton Malletier S.A.S. v. Sandra Ling Designs, Inc.*, 2021 WL 3742024 at *3 (S.D. Tex. Aug. 24, 2021).

*A. Counts Five and Six*

The Court agrees with Defendant and finds that Plaintiff's "aiding and abetting" and "negligence and other tort claims" counts are insufficient to give Defendant notice of the claims against it. To start, the pleading contains allegations relating to both counts in one subsection— there is neither a clear beginning nor a clear end to the allegations for either cause of action. Regarding the aiding and abetting count, Plaintiff fails to identify exactly what actions the Defendant aided and abetted aside from conclusions that Defendant "is liable for aiding and abetting by assisting and participating and other similar claims." (Doc. 1-1 at 9). This section does not outline what actions Defendant took, what actions the individual co-defendants took that Defendant aided or abetted, or which, of any potentially actions taken, were illegal. This section also bleeds directly into conclusory allegations of negligence without any distinction between the two causes of action. Further, the State of Texas has not yet recognized any independent cause of action for aiding and abetting. *First United Pentecostal Church of Beaumont v. Parker*, 514

---

[3]    Defendant does not challenge Plaintiff's counts one, four, or seven in its Motion for More Definite Statement. (Doc. No. 3 at 2).

S.W.3d 214, 224 (Tex. 2017) (stating that the Supreme Court of Texas "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting"). It is therefore outside of this Court's power to recognize it as such. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018) ("[N]o such claim [for aiding and abetting] exists in Texas . . . a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by state courts."). Thus, Plaintiff's count five, titled "Aiding and Abetting through Assisting and Participating" is insufficiently intelligible as to give Defendant an opportunity to reasonably respond. As such, Defendant's Motion is **GRANTED** as to count five.

To the extent that counts five and six are distinguishable, Plaintiff's allegations for count six are also below the Rule 12(e) standard. The pleading seems to be based on Defendant's "breach of duty" by "assist[ing]" in its customers' tortious behavior and "disregarding AML/BSA regulations." (Doc. No. 1-1 at 10). Plaintiff also alleges that Defendant was negligent when it opened accounts "that were used to do the bank fraud and/or money laundering." (*Id.*). Plaintiff then cites various provisions of the Code of Federal Regulations that Defendant allegedly violated to establish its liability relating to vague accusations of negligence "and other tort claims." Included in these allegations are ambiguous accusations of knowing participations in money laundering schemes through the disregard of regulatory guidance. (*Id.* at 11). These conclusory statements seem to be pleaded as evidence of negligence rather than separate federal causes of action or intentional torts. This section of the pleading points to no clear legal standard, provides no specific acts that constitute an element of any specific tort, and seems to blend federal and state causes of action through repetitive and conclusory statements. When pleading a negligence claim, Plaintiff must set out how the defendant was negligent and how that negligence proximately cause any damages—Plaintiff fails to do so. Furthermore, "other torts" must be specifically pleaded with their alleged factual basis. As such, the Court finds that this section of the pleading is also

unintelligible. Defendant's Motion for a More Definite Statement is thereby **GRANTED** as to counts five and six, contained together in Section V of Plaintiff's Original Petition.

   *B. Counts Two, Three, and Eight*

   The Court finds that the remaining counts in Plaintiff's pleading, however, do not fall below the level of intelligibility contemplated by Rule 12(e). Defendant challenges counts two and three as insufficient under Rule 9(b)'s heightened requirement of pleading factual allegations with particularity. (Doc. No. 3 at 6).[4] Defendant contends that these all involve allegations of fraud, and that Plaintiff fails to specify who made any fraudulent representations and when. (*Id.*). For example, Defendant claims that Plaintiff's count two, Money Had and Received, is insufficient because it fails "to allege with particularity, any instances of fraud or mistake." (Doc. No. 3 at 8).

   Regarding both counts, Defendant's claim is essentially that Plaintiff failed to adequately plead the claims. While that could be accurate as a matter of law, "adequately plead" is not the standard for a Rule 12(e) motion. The Rule 12(e) standard is "unintelligible" to the extent that a defendant "cannot reasonably prepare a response." FED. R. CIV. PRO. 12(e). Defendant's contentions about the insufficiency of the pleadings are precisely the sort of reasonably prepared responses that Rule 12(e) exists to ensure are possible. Since Defendant is readily able to point out specific deficiencies based on the subject matter of Plaintiff's counts two and three, it cannot persuasively argue that the counts are so unintelligible that Defendant cannot respond. As such, the Motion is **DENIED** with respect to counts two and three. (Doc. No. 3).

   Defendant contends that count eight, Plaintiff's Regulation CC Warranty claim, is also unintelligible. (Doc. No. 3 at 11). The Court again disagrees. The Plaintiff's Original Petition cites the UCC's presentment and transfer warranties under §§ 3-416 and 3-417 along with factual

---

[4]      Plaintiff responds by arguing that the federal rules do not apply because the pleading was filed in state court—that is plainly wrong. *See* Federal Rule of Civil Procedure 81(c)(1).

allegations to show why those provisions govern Defendant's actions. (Doc. No. 1-1 at 15–16). Plaintiff then provides factual allegations supporting its claims that Defendant breached these warranties. (*Id.*). While Defendant may have persuasive arguments for a Rule 12(b)(6) motion, the lower pleading standard of intelligibility for a Rule 12(e) motion is met—the Petition plainly gives Defendant enough notice to respond to Plaintiff's Regulation CC claim in count eight.

Despite the language of the motion, the Defendant's issues with the pleading are based on a lack of factual allegations and specificity. Aside from the claims the Court addressed in part A, the pleading generally lays out the legal claims, presents the controlling law, and provides factual allegations to show Defendant's liability. The Court finds that the remaining counts are sufficiently intelligible to provide Defendant with a reasonable opportunity to respond. Though perhaps still vulnerable to a Rule 12(b)(6) motion, Plaintiff's counts (2), (3), and (8) are all sufficiently intelligible to survive a Rule 12(e) motion.

## IV.    Conclusion

The Court finds that Plaintiff's counts (5) and (6) were not pleaded sufficiently to give Defendant notice of Plaintiff's allegations under Rule 12(e). Plaintiff's remaining claims, however, were pleaded with sufficient detail as to give Defendant the ability to reasonably respond. As such, Defendant's Motion is **GRANTED** in part and **DENIED** in part. Plaintiff is hereby given **14 days** to replead counts five and six in accordance with Federal Rules of Civil Procedure 8 and, if applicable, 9(b).[5] (Doc. No. 3).

SIGNED this 24 day of January, 2025.

Andrew S. Hanen
United States District Judge

---

[5]    While the Court finds the above-noted claims sufficient to survive a Rule 12(e) motion, the Court's order does not imply that they are sufficient to survive a Rule 12(b)(6) motion. As such, it might be wise for Plaintiff to supplement or replead all of its claims against Chase Bank.